**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

John Earl Jorgenson,

Debtor.

Case No. 17-42578-MER
Chapter 7

Erik A. Ahlgren,

Plaintiff,

v.

John Earl Jorgenson, and Stacy Keller as trustee of the Larry Jorgenson Family Trust

Defendants.

Adv. Pro. 18-_________

**COMPLAINT TO (1) RECOVER VOIDABLE TRANSFERS, AND (2) DENY DISCHARGE**

Plaintiff brings this complaint to recover a voidable transfer made to or for the benefit of the Defendants and to deny the Debtor's discharge.

**PARTIES**

1. Plaintiff Erik A. Ahlgren is the duly appointed and acting trustee in the above referenced bankruptcy case.

2. Defendant Stacy Keller is the trustee of the Larry Jorgenson Family Trust and resides at 4053 Meadow Lane, Montevideo, MN 56265.

3. Defendant John Earl Jorgenson (the "Debtor") is the debtor in the above

referenced case and resides at 1509 North 17th Street, Montevideo, MN 56265.

## JURISDICTION AND VENUE

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§544, 550 and 727 and Federal Rules of Bankruptcy Procedure 7000(1) to (a) avoid certain pre-petition transfers made to or for the benefit of the Defendants as voidable transfers and to recover from Defendants the value of said transfers, and (b) to deny the Debtor's discharge.

5. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(H) and (J).

6. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

## BACKGROUND FACTS

7. The Debtor obtained a one-third (1/3rd) life estate remainder interest in 171.31 acres by a deed dated January 5, 2010 and filed with the Chippewa County recorder on January 7, 2011 as document number A000282669 (the "Real Estate").

8. The Real Estate is legally described as follows:

Tract 1 (Parcel Identification Number 15-011-2200)

> Beginning at a point nine (9) chains south of the northwest corner of Section Eleven (11), Township 118, Range 41; running thence south on said section line 19 chains, more or less, to a point where said section line intersects the west bank of the Chippewa River; thence up along the west bank of the Chippewa River in a general northerly direction to a point 6 chains east of the place of beginning; thence west 6 chains to the place of beginning. Containing 3 acres more or less.

Tract 2 (Parcel Identification Number 15-003-4300)

> The South Half of the Southeast Quarter (S1/2 of SE1/4) of Section Three (3), Township One Hundred Eighteen (118), Range Forty-one (41)

Tract 3 (Parcel Identification Number 12-018-2101)

> The Northwest Quarter (NW1/4) of Section Eighteen (18), Township One Hundred Eighteen (118) North, Range Forty (40) West, except the North Nine Hundred Eighty Feet (N 980') thereof,

9. The Debtor's interest in the Real Estate was subject to the life estate of his parents, Larry D. Jorgenson and Joanne C. Jorgenson. Larry D. Jorgenson died on October 26, 2011. On information and belief, Joanne C. Jorgenson remains alive.

10. By deed dated July 27, 2012, and filed with the Chippewa County Recorder on August 7, 2012 as document number A000286948, the Debtor transferred his one-third ($1/3^{rd}$) interest in the Real Estate to Stacy Keller as trustee of the Larry Jorgenson Family Trust under agreement dated July 27, 2012 (the "Trust").

11. The estimated market value of the fee interest in the Real Estate, as determined for 2012 real estate taxes was:

| | | |
|---|---|---|
| Parcel 15-003-4300 | 219,400 | 80.00 |
| Parcel 12-018-2101 | 247,900 | 88.31 |
| Parcel 15-011-2200 | 3,900 | 3.00 |
| Total | 471,200 | 171.31 |

The estimated market value of the fee interest in the Real Estate, as determined for 2017 real estate taxes was $732,200.

12. The deed by which the Real Estate was transferred into the Trust states that the total consideration for the transfer was less than $500. On information and belief, the Debtor received no consideration for the transfer of his one-third ($1/3^{rd}$) interest in the Real Estate.

13. In 2009, prior to the Debtor's transfer of the Real Estate to the Trust (the "Transfer"), the Debtor had created "Johnny's Meat Shoppe LLC" and was actively considering the development of his business, which now accounts for a significant portion of his debts.

14. Based on UCC filings with the Minnesota Secretary of State, at the time of the Transfer, the Debtor had obligations outstanding to the Co-op Credit Union of Montevideo, as well as to the Farm Service Administration (the "Antecedent Debts"), which debts to at least the Co-op Credit Union of Montevideo remain outstanding.

15. The Transfer was intended for the purpose of sheltering the Real Estate from his current and future creditors.

16. The Trust allows the Debtor to retain the beneficial ownership in the Real Estate while, at the same time, purporting to protect the Real Estate from his creditors.

17. Pursuant to Sections 2.1.1 of the Trust, the Debtor is entitled to receive one-third (1/3rd) of the net income from the Trust during his lifetime, while at the same time Section 4.4.2 of the Trust provides that "neither principal or income of any trust nor any beneficiary's interest therein shall be subject to alienation, assignment, encumbrance, appointment or anticipation by the beneficiary, to garnishment, attachment, execution or bankruptcy proceedings, to claims for alimony, support, maintenance, to spousal election to take an elective share, or payment of other obligations by any person against the Beneficiary, or to any other transfer, voluntary or involuntary, by or from any beneficiary."

18. On August 28, 2017, the Debtor filed a petition under chapter 7 of the Bankruptcy Code and was granted an order for relief.

19. Even though the Debtor signed his bankruptcy petition schedules and statement of financial affairs under oath, none of these documents disclosed any interest in the Trust.

20. On Schedule B to the Debtor's bankruptcy petition asked if the Debtor held any interest in "[t]rusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit", to which the Debtor answered "no".

21. In question 19 of the Debtor's Statement of Financial Affairs, it asked "Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?", to which the Debtor responded "no".

22. At the meeting of creditors, the Debtor affirmed that he signed the petition, schedules, statements and related documents that he filed with the court. He stated that he had read those documents and that he was personally familiar with the information contained in those documents and that all of the information contained in those documents was true and correct.

23. In addition, at the meeting of creditors, the bankruptcy trustee specifically asked if he has created any trusts or was the beneficiary of any trusts, to which the Debtor again responded "no".

24. When the bankruptcy trustee confronted the Debtor with documents showing that he had transferred the Real Estate into the Trust, he responded "Yeah, but that was years ago".

25. By order of this court (DE #20), the deadline for the bankruptcy trustee and the United States Trustee to object to the discharge of the Debtor pursuant to 11 U.S.C. §727 was extended through March 19, 2018.

**COUNT I**
**AVOIDANCE OF TRANSFER**
**(ACTUAL FRAUD)**

26. The foregoing paragraphs are incorporated herein.

27. The Transfer was made with the actual intent to hinder, delay or defraud his creditors.

28. Among the badges of fraud demonstrating the Debtor's actual intent to hinder, delay or defraud his creditors are the following:

a. The Transfer was made to Stacy Keller as trustee of the Larry Jorgenson Family Trust under agreement dated July 27, 2012;

b. Stacy Keller is the sister of the Debtor, an insider within the meaning of

Minn. Stat. 513.41(7);

c. The Debtor and his children are the beneficiaries of the Trust;

d. By transferring assets into the Trust, he effectively retained possession or control of the property transferred after the Transfer;

e. The Transfer was not disclosed on the petition, schedules or statements that he made when filing his bankruptcy;

f. The Transfer was not disclosed at the meeting of creditors until he was confronted with documents by the bankruptcy trustee;

g. The Transfer was for less than reasonably equivalent value;

h. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction;

i. At the time of the Transfer, the Debtor's interest in the Real Estate was his most valuable non-exempt asset;

29. The Transfer was made to the Trust as the initial transferee.

30. The Debtor was a beneficiary of the Transfer.

31. At all times relevant hereto, creditors existed who would be entitled to bring claims under the Minnesota Uniform Fraudulent Transfer Act, Minn. Stat. 513.41 to 513.51.

32. By reason of the foregoing, Plaintiff may avoid the Transfer based on the actual intent to hinder, delay or defraud creditors under 11 U.S.C. §544 which incorporates the Minnesota Uniform Fraudulent Transfer Act, Minn. Stat. 513.41 to 513.51 and may recover from Defendants the full value of the Transfer pursuant to 11 U.S.C. §550.

## COUNT II
## AVOIDANCE OF TRANSFER
## (CONSTRUCTIVE FRAUD)

33. The foregoing paragraphs are incorporated herein.

34. The Debtor received less than $500 in consideration for the Transfer.

35. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

36. On information and belief, when the transfers were made, the Debtor (a) was insolvent, or became insolvent as a result of the transfers, (b) was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which his remaining property was unreasonably small in relation to the business or transaction, and/or (c) intended to incur, or believed or reasonably should have believed that he would incur debts that would be beyond his ability to pay as such debts matured.

37. The Trust was the initial transferee or beneficiary of the Transfer.

38. The Debtor was a beneficiary of the Transfer.

39. By reason of the foregoing, Plaintiff may avoid the Transfer based on constructive fraud under 11 U.S.C. §544 which incorporates the Minnesota Uniform Fraudulent Transfer Act, Minn. Stat. 513.44 and 513.45.

## COUNT III
## AVOIDANCE OF TRANSFER
## (SELF-SETTLED TRUST)

40. The foregoing paragraphs are incorporated herein

41. The Transfer was made to the Trust.

42. The Debtor transferred his interest in the Real Estate to the Trust.

43. The Trust is a self-settled trust in that the Debtor transferred assets into the Trust and

is a beneficiary of the Trust.

44. The Debtor made the Transfer with actual intent to hinder, delay or defraud an entity to which the Debtor was or became, on or after the date that such transfer was made, indebted.

45. By reason of the foregoing, Plaintiff may avoid the Transfer under 11 U.S.C. 548(e).

**COUNT IV**
**<u>FALSE OATH</u>**
**<u>11 U.S.C. §727(A)(4)</u>**

46. The foregoing paragraphs are incorporated herein.

47. By signing the petition, schedules, and statements he filed with the court, the Debtor signed an oath verifying that the information contained in those documents were true and correct.

46. At the meeting of creditors, the Debtor again swore an oath to tell the truth.

47. The Debtor made a false statement on Schedule B to the Debtor's bankruptcy petition by responding "no" when asked if the Debtor held any interest in "[t]rusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit".

48. The Debtor made a false statement in response to question 19 of the Debtor's Statement of Financial Affairs by responding "no" when asked "Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?"

49. The Debtor made a false statement at the meeting of creditors when he affirmed that all of the information contained in petition, schedules, statements and related documents that he filed with the court was true and correct.

50. The Debtor made a false statement at the meeting of creditors when he responded

"no" to the bankruptcy trustee asked if he had created any trusts or was the beneficiary of any trusts.

51. By reason of the foregoing, the Debtor's discharge should be denied pursuant to the terms of 11 U.S.C. §727(a)(4).

WHEREFORE, Plaintiff seeks an order of the court granting judgment against the Defendants and in favor of the Plaintiff:

A. Avoiding the Transfer,

B. Denying the Debtor's discharge,

C. Granting the Plaintiff his costs and disbursements of this action, and

D. Such other relief as is just and appropriate.

Ahlgren Law Office, PLLC

Dated: March 19, 2018

/e/Erik A. Ahlgren
Attorney #191814
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlaw.net

ATTORNEY FOR TRUSTEE